## UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**U.S.A. vs. Timothy Clayton Mitchell**             **Docket No. 5:13-CR-125-1BO**

### Petition for Action on Supervised Release

COMES NOW Dewayne L. Smith, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Timothy Clayton Mitchell, who, upon an earlier plea of guilty to 18 U.S.C. § 371, Conspiracy to Make, Possess, and Utter Forged Securities of an Organization, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on October 23, 2003, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 3 years under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall not incur new credit charges or open additional lines of credit without the permission of the probation officer.

2. The defendant shall provide the probation officer with access to any requested financial information.

Timothy Clayton Mitchell was released from federal custody to a state detainer on December 26, 2005, and his term of supervised release commenced on May 30, 2011. On October 18, 2011, a Petition for Action was submitted to the court advising that Mitchell admitted to the probation officer that he had been drinking alcohol to excess; therefore, he agreed to participate in drug and alcohol treatment as instructed by the probation officer. On October 19, 2011, the following additional condition was added:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

On May 14, 2012, due to Mitchell moving to his maternal aunt's residence in Ridgeway, Virginia, supervision was transferred to the Western District of Virginia and on July 2, 2012, jurisdiction was transferred. On December 3, 2012, due to the defendant leaving the district without permission and consuming alcohol, the following three additional conditions were added:

1. The defendant shall participate in the Location Monitoring Program under home detention for a period of 120 days and shall abide by all program requirements. The defendant is restricted to his residence at all times except for employment; education; religious services; medical appointments; substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved by the officer. While under home detention, the defendant shall submit to location monitoring and shall pay a copayment of $50 per month for these services.

2. The defendant shall not purchase, possess, use or administer any alcohol, or frequent any businesses whose primary function is to serve alcoholic beverages.

3. The defendant shall submit to warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of alcohol.

Due to Mitchell's parents being sick, he requested to transfer back to this district. On March 26, 2013, the following modification was ordered:

Timothy Clayton Mitchell
Docket No. 5:13-CR-125-1BO
Petition For Action
Page 2

1. The defendant's term of home detention for a period of 120 days is discontinued, due to his transfer to the Eastern District of North Carolina.

Jurisdiction was transferred from the Western District of Virginia to the Eastern District of North Carolina on April 16, 2013.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On June 26, 2013, the defendant was charged in Nash County by Trooper Michael Davidson with Driving While Impaired and Operating a Moped Without Wearing a Safety Helmet (13CR52444). Although these charges remain pending, Mitchell admits guilt. As a sanction, we are requesting that Mitchell be required to participate in home detention program. Additionally, he has been instructed to attend weekly treatment sessions. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/Dewayne L. Smith
Dewayne L. Smith
U.S. Probation Officer
1760 Parkwood Blvd., Room 201
Wilson, NC 27893-3564
Phone: 252-237-0788
Executed On: July 8, 2013

**ORDER OF COURT**

Considered and ordered this __8__ day of __July__, 2013, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge